PER CURIAM:
Writ granted. Defendant, having been convicted of second degree murder, urged on appeal that defense counsel rendered ineffective assistance in three specific ways: 1) for failing to introduce or proffer statements he made to two separate police officers following his arrest; 2) for failing to subpoena one of these officers to testify at trial; and 3) for failing to request that a machete found near the scene of the crime be fingerprinted as possible exculpatory evidence. See State v. McGee , 51,977, p. 8 (La. App. 2 Cir. 5/23/18), 247 So.3d 1142, 1146. The court of appeal concluded the record was insufficient to resolve these claims and remanded with instructions for the trial court to conduct a full evidentiary hearing, pretermitting discussion of defendant's remaining assignments of error.
Under the standard for ineffective assistance of counsel set out in Strickland v. Washington , 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), adopted by this Court in State v. Washington , 491 So.2d 1337, 1338-39 (La. 1986), a reviewing court must reverse a conviction if the defendant establishes (1) that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) counsel's inadequate performance prejudiced defendant to the extent that the trial was rendered unfair and the verdict suspect. Generally, a claim for ineffective assistance of counsel is properly raised in an application for post-conviction relief. State v. Burkhalter , 428 So.2d 449, 456 (La. 1983). This enables the district judge to conduct a full evidentiary hearing on the matter. State v. Seiss , 428 So.2d 444, 449 (La. 1983). However, the information contained in the writ application and the opinion below is adequate to support a finding that defendant failed to demonstrate ineffective assistance of counsel or entitlement to a hearing at this stage of the proceedings. See, e.g., State v. Ratcliff , 416 So.2d 528, 530-32 (La. 1982) ("Since the record discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy we will address that issue now.").
*447 Defendant's statements to Captain Hanna and Detective Isom are hearsay and apparently believed by defendant to present an exculpatory version of the events surrounding his conviction. Hearsay is inadmissible unless it falls within an exception. La.C.E. art. 802. No hearsay exceptions apply in this case. Contra La.C.E. arts. 803 & 804. Further, a defendant may not introduce his pretrial statement before the jury without subjecting himself to cross-examination. See, e.g., State v. Guillory , 373 So.2d 133, 135 (La. 1979) ; see also State v. Melerine , 236 La. 930, 971, 109 So.2d 471, 486 (1959). Thus, counsel did not render ineffective assistance in failing to introduce or proffer these statements. Because Detective Isom's testimony would only have been relevant to lay a foundation for, or describe, defendant's statement to him, counsel also did not render ineffective assistance for failing to subpoena him to testify at trial.
Defendant argues in his third claim that counsel rendered ineffective assistance by failing to request that a machete found near the scene be fingerprinted as possible exculpatory evidence. We note that the two eyewitnesses to the shooting who testified at trial each stated that the victim was unarmed both when he left his vehicle and when he was shot. See McGee , 51,977, pp. 6-7, 247 So.3d at 1145-46. On these facts, defendant has failed to show that there was evidence in the appellate record "sufficiently compelling to conclude that the interest of justice and judicial economy will be best served by remanding the matter for an evidentiary hearing at this juncture." State v. Mansfield , 50,426, p. 19 (La. App. 2 Cir. 2/24/16), 190 So.3d 322, 333 (listing as relevant factors the length of the defendant's pretrial and post-trial incarceration, his conviction of a lesser included offense, and indications of other possible acts of ineffective assistance of counsel found in the record). Defendant may urge this claim in future post-conviction proceedings, subject to all the procedural requirements thereof. See La.C.Cr.P. art. 924 et seq .
The court of appeal is reversed to the extent that it remanded with instructions to the district court, and this matter is remanded to the court of appeal for consideration of the pretermitted assignments of error.
REVERSED AND REMANDED